BISHOP, J. pro tem.*
The plaintiff has appealed from the order of the trial court granting defendant’s motion to vacate his default and the default judgment that followed it. We are not persuaded that the trial court abused the discretion *361 invested in it, in making the order appealed from, and are affirming it.
 It was the trial court’s task to select the true from the false or half true statements that were placed before it; not ours. The trial court was warranted, then, in believing: that the defendant’s ability to get about was severely limited by a heart condition; that, after being served with summons, he was lulled into inactivity by the repeated statements of the plaintiff that she was not going to press her action for separate maintenance; that he did not learn differently until October 16th, when he immediately consulted an attorney; his attorney, the next day, endeavored to have the default, less than a month old, set aside by stipulation, but without success; that at once he gave notice of a motion to have it set aside; that on the day set, he had a conflicting court engagement in a criminal department, and had his secretary notify the court that he would be a bit late; when he arrived at 10:15 it was to find that his motion had been denied, without prejudice; over his request for a delay in order to seek further relief, the default judgment was entered, in which, we note, over $22,000 was decreed to be plaintiff’s separate property which she had stated in her verified complaint was community property, and which she had so listed in an affidavit made in support of an order to show cause. Following the entry of this default judgment the defendant made a new motion to have the default set aside, and to have the judgment also vacated and set aside. It is from the order granting this motion that this appeal is taken. It is this order that we do now affirm.
Vallée, Acting P. J., and Ford, J., concurred.

Assigned by Chairman of Judicial Council.